554 So.2d 878 (1989)
MISSOURI PACIFIC RAILROAD COMPANY
v.
Russ C. TIRCUIT, Roscoe P. Beavers and H. Wayne Willis.
No. 89-IA-177.
Supreme Court of Mississippi.
November 29, 1989.
*879 Luther T. Munford, Phelps Dunbar Marks Claverie & Sims, Jackson, William H. Howard, III, Phelps Dunbar Firm, New Orleans, La., William C. Brabec, Phelps Dunbar Firm, Jackson, for appellant.
C.E. Sorey, II, William W. Ramsey, Ramsey Andrews & Sorey, Vicksburg, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and PITTMAN, JJ.
ROBERTSON, Justice, for the Court:

I.
These three consolidated appeals, interlocutorily presented, raise important issues regarding venue of actions brought by non-resident railroad workers against a non-resident railroad. In none of these cases is there any connection with the State of Mississippi aside from the residence of plaintiffs' counsel in Warren County. Because of this, and because each of these three workers has available forums in other states of infinitely greater convenience to all concerned, we order the actions dismissed on grounds of forum non conveniens.

II.

A.
The three Plaintiffs/Appellees are Russell C. Tircuit, an adult resident citizen of Addis, Louisiana; Roscoe P. Beavers, an adult resident citizen of Gretna, Louisiana; and H. Wayne Willis, an adult resident citizen of Dennison, Texas.
Missouri Pacific Railroad Company is the Defendant/Appellant in each of these cases. Missouri Pacific is a Delaware corporation having its principal place of business in Omaha, Nebraska. Missouri Pacific is a corporation authorized to do business in Mississippi, having appointed as its agent for process Daniel J. O'Bierne of Natchez, Mississippi. Notwithstanding, Missouri Pacific ceased operations in Mississippi several years ago. At the times relevant to these actions, and at all times since, Missouri Pacific has neither operated nor maintained any lines in Mississippi, has had no stations or depots in Mississippi, and, of course, has run no trains to, from or through points in Mississippi. Missouri Pacific has no office nor bank accounts in Mississippi. Indeed, the complaints filed by Tircuit, Beavers and Willis make no allegation that Missouri Pacific does anything in this state other than maintain an agent for process. Mississippi is not mentioned directly or inferentially in any of these three complaints except in paragraph 1 of each regarding agent for process O'Bierne.
Plaintiff Tircuit alleges that on November 18, 1986, in the course and scope of his employment with Missouri Pacific, he slipped when climbing steps at a depot maintained by Missouri Pacific at Addis, Louisiana, and as a result of Missouri Pacific's negligence, he sustained serious, painful and disabling personal injuries.
Plaintiff Beavers alleges that on February 18, 1988, in the course and scope of his *880 employment with Missouri Pacific, he was injured when a car he was riding maintained by Missouri Pacific at Donnalsonville, Louisiana, was caused to derail, and as a result of Missouri Pacific's negligence, he sustained serious, painful and disabling personal injuries.
Plaintiff Willis alleges that on July 7, 1988, in the course and scope of his employment with Missouri Pacific, he was injured when operating a locomotive near Whitesboro, Texas. Willis says he was confronted with a car which had been rolled onto the main track and attempted to apply the emergency brake, only to be thrown about the inside of the locomotive due to severe unexpected slack action caused by the brake application, and as a result of Missouri Pacific's negligence, he sustained serious, painful and disabling personal injuries.
Each of these Plaintiffs has brought his action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-56. Each Plaintiff employed counsel maintaining their offices in Vicksburg, Mississippi, and sought to establish venue in Warren County. In each action Missouri Pacific proceeded timely under Rule 12(b)(3), Miss.R.Civ.P., and moved to dismiss on grounds that venue was not proper in Warren County nor in any other county of Mississippi, or, in the alternative, to dismiss pursuant to the doctrine of forum non conveniens. In the proceedings below on these motions, the record reflects in each case that there are no potential witnesses with respect to liability, damages (including expert witnesses) or any other matter who reside in Mississippi, nor are there any documents, exhibits or other evidence in this state. In spite of these facts, the Circuit Court of Warren County denied Missouri Pacific's motions to dismiss and ordered that the cases proceed in Warren County. By order entered February 1, 1989, we granted Missouri Pacific's motion for interlocutory appeal.

III.
The Federal Employers Liability Act provides for concurrent federal and state jurisdiction. 45 U.S.C. § 56. This Court has for years routinely exercised jurisdiction over FELA cases brought in the courts of this state and rendered final adjudications of such cases. See, e.g., Lambert v. Illinois Cent. Gulf R. Co., 547 So.2d 50 (Miss. 1989); Illinois Cent. R. Co. v. Coussens, Adm'x., 223 Miss. 103, 77 So.2d 818 (1955); see also Burrell v. Mississippi State Tax Commission, 536 So.2d 848, 863-64 (Miss. 1988). When a railroad worker elects to bring his FELA action in state court, the state's law of venue controls. See Rodriguez v. Grand Trunk Western R. Co., 120 Mich. App. 599, 328 N.W.2d 89, 90-91 (1982); Garland v. Seaboard Coastline R. Co., 658 S.W.2d 528, 531 (Tenn. 1983).
We have a railroad venue statute in this state. Mississippi Code Annotated § 11-11-5 (Supp. 1989) provides, in relevant part:
Actions against any railroad ... corporation ... may be brought [1] in the county where the cause of action accrued, [2] in the county where the defendant has its principal place of business or [3] in the county in which the plaintiff resides.
One may see at a glance none of the three venues authorized by Section 11-11-5 afford these plaintiffs a venue in Mississippi. None of these actions accrued in any county in Mississippi, none of the plaintiffs reside in Mississippi and, as noted above, Missouri Pacific's principal place of business is in Omaha, Nebraska.
Our general venue statute, Miss. Code Ann. § 11-11-3 (Supp. 1989), authorizes venue of an action against a foreign corporation in any county in which it "may be found." Missouri Pacific was found in Adams County. From this record Adams County is the only Mississippi county in which Missouri Pacific may be found.
Missouri Pacific argues strenuously that the entire matter of venue of actions against railroads is controlled by the special railroad venue statute, Section 11-11-5. If that were so, we would in these actions be in the anomalous posture of having in personam jurisdiction over the defendant railroad but with no place in which the case may lawfully be tried. Compare Loftus v. Pennsylvania Railroad Co., 107 Ohio St. 352, 140 N.E. 94, 97-99 (1923). That a *881 result may be anomalous does not necessarily preclude it. The legislature certainly has the authority to enact regarding venue of actions against railroads and to provide that, if the action does not fit within a venue authorized by that special venue statute, then it may not be heard in Mississippi, notwithstanding that there be personal jurisdiction and, as well, great convenience to the parties.
We find no language in Section 11-11-5 suggesting that it is the only venue statute to which parties may resort in an action against a railroad. The statute merely provides that actions against any railroad corporation "may be brought" in one of the three venues noted above. The general venue statute, Section 11-11-3, provides several alternative factual tests for venue including where a non-resident corporation "may be found." The statute goes on to provide that "civil actions of which the circuit court has original jurisdiction shall be commenced ..., except where otherwise provided." Familiarity with the English language informs that, if one of the three alternative tests for venue of the railroad venue statute be met, the parties are limited to those three choices. However, where one of the tests for venue under the railroad venue statute is not met, the language of the statutes does not exhaust the possibilities of proper venue against a railroad. The railroad venue statute, because it employs the permissive "may", requires that it be read in conjunction with the general venue statute which provides that actions "shall" be commenced in one of the counties authorized, "except where otherwise provided." As the railroad venue statute does not otherwise provide for venue, we have no authority to ignore the general venue statute. When Section 11-11-3 is consulted, we find that it authorizes venue for these actions in Adams County where Missouri Pacific has been found, but not in Warren County. But because the railroad venue statute employs the permissive "may" and because the general venue statute provides that, "except where otherwise provided," actions "shall" be commenced in one of the counties authorized, we have no authority to ignore the latter.
We hold that venue of each of these actions lay in Adams County and that the Circuit Court erred when it denied Missouri Pacific's objections to venue in their entirety.

IV.
Before considering whether we should order these cases transferred to the Circuit Court of Adams County, we confront Missouri Pacific's claim of forum non conveniens. If that doctrine requires dismissal in any event, transfer to Adams County would be a vain and hollow act.
We have long accepted that the courts of this state should not try an action if that would be seriously inconvenient to one or more of the parties, provided that a more appropriate forum is available. See, e.g., Strickland v. Humble Oil & Refining Co., 194 Miss. 194, 203-05, 11 So.2d 820, 822 (1943); Poole v. Mississippi Publishers Corp., 208 Miss. 364, 383-85, 387-88, 44 So.2d 467, 475, 477 (1950); Illinois Cent. R. Co. v. Moore, 215 So.2d 419, 421 (Miss. 1968); Illinois Cent. Gulf R. Co. v. Stedman, 344 So.2d 468, 471 (Miss. 1977); Kountouris v. Varvaris, 476 So.2d 599, 607-08 (Miss. 1985); and most recently Shewbrooks v. A.C. & S., Inc., 529 So.2d 557, 561, 564 (Miss. 1988).[1]
Shewbrooks posits forum non conveniens as "one important qualification" to the general rules of venue. Shewbrooks then adopts the Restatement (Second) of Conflicts of Laws, § 84 (1971) which provides
A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more *882 appropriate forum is available to the plaintiff.
* * * * * *
(a) Rationale ... The rule has been developed that a court, even though it has jurisdiction, will not entertain the suit if it believes itself to be a seriously inconvenient forum provided a more appropriate forum is more available to the plaintiff.
Shewbrooks, 529 So.2d at 561. Shewbrooks relies heavily on Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), as did our earlier forum non conveniens case, Poole v. Mississippi Publishers Corp., 208 Miss. at 383-85, 44 So.2d at 475. Gilbert has been modified by Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981).
Gilbert and Piper announce a series of factors that should be given sensitive consideration in any application for forum non conveniens dismissal. These include:
1. "[R]elative ease of access to sources of proof." Gilbert, supra, 330 U.S. at 508, 67 S.Ct. at 843.
2. "Availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of unwilling witnesses." Id.

3. "Possibility of view of the premises, if view would be appropriate to the action." Id.

4. "[T]he plaintiff may not, by choice of an inconvenient forum, `vex', `harass', or `oppress' the defendant by inflicting upon the [defendant] expense or trouble not necessary to (the plaintiff's) own right to pursue his remedy." Id.

5. Administrative difficulties for the forum courts. Id.

6. "There is a local interest in having localized controversies decided at home." Id.

7. While, unless the balance is strongly in favor of the defendant, the choice of a plaintiff who is a resident of the forum "should rarely be disturbed," Id., deference to the plaintiff is less compelling when the plaintiff is a non-resident. Piper Aircraft Co., supra, 454 U.S. at 255, 102 S.Ct. at 265. There is no reason to assume a non-resident plaintiff will choose a foreign forum for purposes of convenience. Id.

All plaintiffs bringing actions in the courts of this state are subject to the possible application of forum non conveniens. Accordingly, there is no impediment to enforcement of the doctrine in these actions brought by non-residents under the Federal Employers' Liability Act. Missouri ex rel. Southern Ry. Co. v. Mayfield, 340 U.S. 1, 4-5, 71 S.Ct. 1, 2-3, 95 L.Ed. 3 (1950). Following Mayfield, at least twelve jurisdictions have applied their rule of forum non conveniens and dismissed FELA actions: California, the District of Columbia, Florida, Illinois, Kansas, Minnesota, Missouri, New Jersey, New Mexico, New York, Oklahoma, and Pennsylvania.[2] Only three states seem to balk at the idea: Georgia, Montana and West Virginia.[3] We this day place Mississippi among the former group.
*883 Consideration of the seven factors noted above suggests strongly dismissal of these actions.
(1) There is no ease of access to sources of proof in Mississippi, as all sources of proof lie outside of this state.
(2) As all witnesses are non-Mississippians, compulsory process is not available for obtaining the attendance of any non-party witnesses at trial.
(3) There is no possibility of a jury view of the premises, should that be found appropriate, as the situs of these three accidents lies outside of Mississippi.
(4) Missouri Pacific has no offices in Mississippi and no witnesses here. Without contradiction, trial of these actions in Mississippi would inflict upon Missouri Pacific expense over and above that necessarily incident to affording these Plaintiffs their right to pursue their FELA remedy.
(5) The courts of this state desire to afford litigants plenary consideration of the merits of their claims and defenses. The administrative difficulties of doing so in actions in Adams County, Mississippi, however, would be enormous, if not insurmountable, for the reasons (to be repetitious) that there is no way to compel presentation of proof or witnesses, besides which there is no reason why the courts of this state should become a home for such foreign actions.
(6) The policy of having localized controversies decided at home would be wholly thwarted, as Mississippi is not home to anyone connected with Plaintiffs' actions except that it affords residence for their counsel.
(7) We are certainly willing to accord Plaintiffs the prerogative of deciding what is and is not convenient to them, a point expressed in our policy that a plaintiff's choice of a forum ordinarily should not be disturbed absent strong countervailing considerations. Plaintiffs' problems here are that we have just listed six strong countervailing considerations.
All of this brings us back to Shewbrooks where the Court made clear its refusal to dismiss for forum non conveniens was for the reason that plaintiffs there had no alternative forum in which to bring their action. The reason Nevin and Anna Mae Shewbrooks had no alternative forum was that their actions were barred by statutes of limitations in all other states.
Today's cases present the contrary circumstance. The Federal Employers Liability Act has a three-year statute of limitations. As a matter of federal law, however, the running of the period of limitations is tolled upon the filing of the action in a state court, even though that action may subsequently be dismissed on grounds of improper venue or forum non conveniens. Burnett v. New York Central Railroad Co., 380 U.S. 424, 434-36, 85 S.Ct. 1050, 1057-58, 13 L.Ed.2d 941 (1965); Reed v. Norfolk & Western R. Co., 635 F. Supp. 1166, 1167-69 (N.D.Ill. 1986). Moreover, Missouri Pacific has stipulated that, if these actions are dismissed on grounds of forum non conveniens, it will, in the case of Tircuit and Beavers in the appropriate forum in Louisiana and in the case of Willis in the appropriate forum in Texas, waive the service of process and enter its appearance for all purposes and waive any possible limitations defense.
For the foregoing reasons, the judgment of the Circuit Court in each of these three cases is reversed. Fair enforcement of the rule of forum non conveniens requires that each of these actions be dismissed, effective the date of the issuance of this Court's mandate. Each of these dismissals, however, is expressly conditioned upon Missouri Pacific's waiver of process and entry of appearance in courts of competent jurisdiction and venue in the states of Louisiana and Texas, respectively, as indicated above and entering a binding waiver of any defense predicated upon the statute of limitations.
REVERSED AND RENDERED.
*884 ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] See Abbott, Venue of Transitory Actions Against Resident Individual Citizens in Mississippi  Statutory Revision Could Remove Needless Complexity, 58 Miss.L.J. 1, 12-19 (1988); Cameron, Forum Non Conveniens, 23 Miss.L.J. 11 (1951). Inexplicably, Vick v. Cochran, 316 So.2d 242, 245 (Miss. 1975) suggests we do not recognize forum non conveniens, without citing Strickland, Poole or Moore.
[2] California: Price v. Atchison, Topeka & Santa Fe R. Co., 42 Cal.2d 577, 268 P.2d 457 (1954) (en banc), cert. den., 348 U.S. 839, 75 S.Ct. 44, 99 L.Ed. 661 (1955); Great N.R. Co. v. Superior Court, 12 Cal. App.3d 105, 90 Cal. Rptr. 461 cert. den., 401 U.S. 1013, 91 S.Ct. 1254, 28 L.Ed.2d 550 (1971). District of Columbia: Mobley v. Southern R. Co., 418 A.2d 1044 (D.C.App. 1980). Florida: Southern R. Co. v. McCubbins, 196 So.2d 512 (Fla.App. 1967). Illinois: Wieser v. Missouri Pacific RR. Co., 98 Ill.2d 359, 74 Ill. Dec. 596, 456 N.E.2d 98 (Ill. 1983). Kansas: Gonzales v. Atchison Topeka & Santa Fe Ry. Co., 189 Kan. 689, 371 P.2d 193 (1962). Minnesota: Maynard v. Chicago & N.W. Ry. Co., 247 Minn. 228, 77 N.W.2d 183 (1956). Missouri: State ex rel. Chicago, Rock Island & Pac. R. Co. v. Riederer, 454 S.W.2d 36 (Mo. 1970) (en banc). New Jersey: Vargas v. A.H. Bull S.S. Co., 25 N.J. 293, 135 A.2d 857 (1957), cert. den., 355 U.S. 958, 78 S.Ct. 545, 2 L.Ed.2d 534 (1958). New Mexico: State ex rel. Southern Pac. Transp. Co. v. Frost, 102 N.M. 369, 695 P.2d 1318 (1985). New York: Williams v. Seaboard Air Line Ry. Co., 9 A.D.2d 268, 193 N.Y.S.2d 588 (App.Div. 1959). Oklahoma: Atchison, Topeka & Santa Fe R. Co. v. District Ct., 298 P.2d 427 (Okla.), cert den., 352 U.S. 879, 77 S.Ct. 101, 1 L.Ed.2d 80 (1956). Pennsylvania: Norman v. Norfolk & W. Ry. Co., 228 Pa.Super. 319, 323 A.2d 850 (1974); Rini v. New York Cent. R. Co., 429 Pa. 235, 240 A.2d 372 (1968).
[3] Georgia: Southern Ry. Co. v. Goodman, 259 Ga. 339, 380 S.E.2d 460 (1989). Montana: Labella v. Burlington N., Inc., 182 Mont. 202, 595 P.2d 1184 (1979). West Virginia: Gardner v. Norfolk & W. Ry. Co., 372 S.E.2d 786 (W. Va. 1988), cert. den., ___ U.S. ___, 109 S.Ct. 1132, 103 L.Ed.2d 193 (1989).