# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00413-SCT

*METROPOLITAN LIFE INSURANCE COMPANY*

*v.*

*AETNA CASUALTY & SURETY COMPANY; CITY INSURANCE COMPANY; HOME INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/07/97 |
| TRIAL JUDGE: | HON. BILL JONES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EUGENE R. ANDERSON |
| | RANDY PARR |
| | MARK GARBOWSKI |
| | JEROLD OSHINSKY |
| | DAVID ELKIND |
| | ELIZABETH A. SHERWIN |
| | RICHARD G. NOBLE |
| | FRANK O. CROSTHWAIT, JR. |
| ATTORNEYS FOR APPELLEES: | THOMAS J. GROARD |
| | KATHLEEN D. MONNES |
| | MICHAEL K. RANDOLPH |
| | MARK A. NELSON |
| | RAYMOND L. BROWN |
| | W. MARK EDWARDS |
| | STEPHEN A. FENNELL |
| | MARY WOODSON POAG |
| | KARL R. STEINBERGER |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 01/14/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**BEFORE SULLIVAN, P.J., MILLS AND WALLER, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This appeal arises from the lower court's dismissal of the current action on January 7, 1997, based on the doctrine of interstate forum non conveniens. The current action was filed on October 12, 1995, in the Circuit Court of Jackson County, Mississippi. Metropolitan Life Insurance Co. (hereafter MetLife) sought a declaration that it is entitled to insurance coverage based on excess policies issued to MetLife by the defendants. The complaint alleges that it is entitled to coverage for both the underlying asbestos bodily injury claims brought and continuing to be brought by Mississippi claimants, and for the underlying asbestos property damage case brought by the State of Mississippi involving buildings owned by the State.

¶2. On October 12, 1995, MetLife filed another action against the same four defendants in West Virginia involving asbestos bodily injury claims brought and continuing to be brought by West Virginia claimants. The next day, October 13, 1995, MetLife commenced an insurance coverage action in New Jersey involving asbestos bodily injury claims brought by New Jersey claimants. That same day MetLife also commenced a comprehensive action in Connecticut to resolve coverage issues relating to underlying asbestos bodily injury and property damage claims all over the United States with the exception of claims in Mississippi, West Virginia and New Jersey. The four defendants in this case filed a cross-claim in Connecticut asking the court to put in issue all fifty states. The Connecticut action involves seventeen additional defendants. Other than the Connecticut litigation, the four defendants in this case moved to dismiss each of the actions filed in Mississippi, New Jersey and West Virginia in favor of the Connecticut comprehensive action.

¶3. The New Jersey case was dismissed without prejudice based upon grounds of comity. That decision was affirmed on appeal in a per curiam opinion by the Superior Court of New Jersey Appellate Division on December 29, 1996. The West Virginia Court has taken the motion to dismiss on advisement after oral argument, with its determination pending.

¶4. A hearing was conducted on September 20, 1996, in the Circuit Court of Jackson County on the defendants' motion to dismiss based on forum non conveniens. All parties concerned were represented by counsel and allowed to make factual and legal arguments pertaining to the motion to dismiss. After considering all the arguments, both factual and legal, the Circuit Court of Jackson County entered its Order on October 7, 1996, dismissing the action based on the doctrine of forum non conveniens. It is from this Order that MetLife seeks reversal and remand for continuing litigation.

## STATEMENT OF THE UNDERLYING FACTS

¶5. This insurance coverage action involves many underlying claimants alleging both bodily injury and property damage in Mississippi based on alleged exposure to asbestos in plants and factories in Mississippi. The State also filed an underlying action alleging property damage to state owned buildings by the installation of asbestos or asbestos containing products. One of the defendants in each of these underlying claims is the appellant in this case, MetLife. MetLife has turned to its insurers for coverage of such claims. The primary insurance carrier is Travelers Indemnity Company. The Aetna policies at issue in this litigation "follow form to underlying policies issued by the Travelers Indemnity Company, except as otherwise provided in endorsements thereto."

¶6. The case sub judice is a contract action in which MetLife seeks to recover under contracts of insurance issued by the appellees between 1976 and 1986. The appellees in this action, Aetna Casualty & Surety Company (hereinafter Aetna), City Insurance Company, Home Insurance Company (hereinafter collectively referred to as Home)[(1)], and National Union Fire Insurance Company of Pittsburgh, Pennsylvania (hereafter National Union), are national liability insurance companies (hereinafter collectively referred to as appellees). These appellees issued insurance policies to MetLife which are termed "excess policies." New York and Connecticut were the center of all contracting and claims handling activity on MetLife's insurance program. Johnson & Higgins, the insurance broker which places the policies for MetLife, is located in New York. MetLife is a New York Corporation with its headquarters in New York City. Aetna is a Connecticut corporation with its home office in Hartford, Connecticut. None of the other appellees are incorporated or have their principal place of business in Mississippi. However, all four appellees as well as MetLife do business within the State of Mississippi and have extensive connections with this state.

## STATEMENT OF THE LAW

### Standard of Review

¶7. Following the United States Supreme Court's guidance, the trial court's dismissal of the action should only be reversed if the trial court abused its discretion or applied an erroneous legal standard. ***Piper Aircraft Co. v. Reyno***, 454 U.S. 235, 257 (1981). "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." ***Piper Aircraft Co.***, 454 U.S. at 257.

¶8. MetLife submits six assignments of error to this Court that may be addressed in two distinct legal issues: 1) the application of forum non conveniens and 2) the alleged error of the trial court in granting the motion to dismiss without making any findings of fact. Finding no abuse of discretion or erroneous legal application, we affirm the lower court's dismissal of this case.

### I.

### APPLICATION OF FORUM NON CONVENIENS

¶9. In reviewing a dismissal based upon forum non conveniens, we must consider the seven factors set out in ***Missouri Pacific Railroad Co. v. Tircuit***, 554 So. 2d 878 (Miss. 1989):

1. "[R]elative ease of access to sources of proof." ***Gilbert***, *supra*, 330 U.S. at 508, 67 S.Ct. at 843.

2. "Availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of unwilling witnesses." ***Id***.

3. "Possibility of view of the premises, if view would be appropriate to the action." ***Id***.

4. "[T]he plaintiff may not, by choice of an inconvenient forum, 'vex', 'harass', or 'oppress' the defendant by inflicting upon the [defendant] expense or trouble not necessary to (the plaintiff's) own right to pursue his remedy." ***Id***.

5. Administrative difficulties for the forum courts. ***Id***.

6. "There is a local interest in having localized controversies decided at home." ***Id***.

7. While, unless the balance is strongly in favor of the defendant, the choice of a plaintiff who is a resident of the forum "should rarely be disturbed," *Id*., deference to the plaintiff is less compelling when the plaintiff is a non-resident.

*Tircuit*, 554 So. 2d at 882. While it is true that a plaintiff's choice of forum should be weighed heavily, less deference should be given to a non-resident plaintiff. *Id.* at 882 (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)). MetLife is a New York Corporation with its headquarters in New York City. This does not mean, as the appellees contend, that no deference should be given to MetLife's choice of forum. We have said, "[S]ince it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons . . ." *Shewbrooks v. A.C. & S., Inc.*, 529 So. 2d 557, 562 (Miss. 1988) (*quoting* Restatement (Second) of Conflict of Laws § 84 cmt. (1971)), *superseded by statute on other grounds as stated in Southern Pac. Transp. Co. v. Fox*, 609 So. 2d 357 (Miss. 1992).

¶10. MetLife relies heavily on the factor that there is a local interest in having localized controversies decided at home. It cites several Mississippi cases for the contention that Mississippi has a strong interest in regulating the insurance industry. *Thomas v. Deviney Const. Co.*, 458 So. 2d 694, 697 (Miss. 1984); *Travelers Indem. Co. v. Watkins*, 209 So. 2d 630, 631 (Miss. 1968). However, these cases analyzing automobile policies under the Mississippi Motor Vehicle Safety Responsibility Law are inapplicable to the present situation.

¶11. MetLife further argues that Mississippi has a strong interest in the health, well-being and safety of its citizens. Consequently, it contends that Mississippi has a strong interest in having insurance coverage issues related to the underlying bodily injury and property damage claims decided in Mississippi. In support of this contention it explains that more than 19,000 of the claims underlying this insurance coverage dispute have been filed to date against MetLife in Mississippi by Mississippi citizens and their families, and the State of Mississippi, through Attorney General Mike Moore, has sued MetLife and several other defendants for damage to state-owned buildings arising out of the installation of asbestos or asbestos containing products. MetLife cites a circuit court case, *Mike Moore v. W.R. Grace*, Cause No. 89-5138(2) (Miss. Circuit Ct. Jackson Cty. Mar. 1, 1991), in which the insurance company's motion to dismiss a third-party insurance coverage claim was denied finding that "the State of Mississippi has a significant and compelling interest in the issues before the Court and that [the alternative forum] is not a more appropriate forum to resolve the specific issues before the Court."

¶12. While these underlying facts are true, they do not compel the conclusion that Mississippi is the proper forum for this action. The focus of the dispute is the interpretation of MetLife's Connecticut and New York insurance contracts. This case is about insurance coverage between different insurance carriers and not whether the underlying plaintiffs and the State itself can recover against MetLife. The Fifth Circuit recognized this distinction in its discussion of choice of law issues when it stated, "[T]he interpretation of these [insurance] contracts will not affect whether the Mississippi resident will recover for her injuries, but rather from whom she may recover." *Maryland Cas. Co. v. Integrity Ins. Co.,* 693 F.2d 506, 508 (5th Cir. 1982). As the appellees point out, neither Mississippi nor the plaintiffs in the underlying cases have any interest in whether the judgment or settlement is paid by MetLife or its insurers. Their only interest is that they are paid.

¶13. Appellees also cite to *W.R. Grace & Co. v. Hartford Accident & Indem. Co.*, 555 N.E.2d 214 (Mass. 1990) where the Supreme Court of Massachusetts was faced with a similar dismissal based upon

forum non conveniens in a coverage action between the plaintiff insurance company and its excess comprehensive general liability insurers. In rejecting the insured's argument that Massachusetts had a compelling interest in the coverage dispute, the Court stated, "Massachusetts has no special relationship to the underlying factual issues concerning Grace's insurance coverage." *Id.* at 221. The crux of Grace's asbestos related coverage actions was the interpretation of its New York insurance contracts. *Id.* We find this reasoning persuasive, because the interpretation of the contracts between MetLife and the appellees is also the primary issue in this action.

¶14. MetLife misinterprets the *Shewbrooks* case when it states that the movant has the burden of proving that Mississippi is a seriously inconvenient forum for trial. *Shewbrooks* does not make this a requirement but instead quotes Section 84 of the Restatement (Second) of Conflict of Laws (1971):

§ 84. **Forum Non Conveniens**

A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff.

*Shewbrooks*, 529 So. 2d at 561. Under this definition, the appellees reasonably assert that Mississippi is an inconvenient forum and that Connecticut, where comprehensive action has already been brought, is a more appropriate forum.

¶15. The appellees cite several cases to support their assertion that Mississippi is an inconvenient forum in light of the four other actions that have been filed regarding the same insurance coverage claims. *See Illinois Central R.R. v. Moore*, 215 So. 2d 419, 420-21 (Miss. 1968) (forum non conveniens intended to prevent "great and unnecessary inconvenience and expense" as long as no special hardship to the plaintiff will result if case is brought in another jurisdiction); *Watkins v. Jim Walter Homes. Inc.*, 666 F. Supp 102, 105 (S.D. Miss. 1987) ("plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress,' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy") (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). They claim that having to defend against the same insurance coverage claims in four different states rises to the level of "vexatiousness" and inconvenience which the doctrine is designed to prevent.

¶16. When considering the private factors such as relative ease of access to sources of proof and availability of compulsory process of witnesses, along with the cost of obtaining witnesses, we find that the trial court properly dismissed this action in order to defer to the comprehensive action filed in Connecticut. MetLife is a New York corporation with its principal place of business in New York City. Aetna is a Connecticut company with its headquarters in Hartford, Connecticut. Home is a New Hampshire corporation with its principal place of business in New York City. National Union is a Pennsylvania corporation with its principal place of business in New York. Mississippi has no special relationship to the underlying factual issues concerning MetLife's insurance coverage. New York and Connecticut were the nexus of all claims handling activity on MetLife's insurance program. All the documents and witnesses central to this coverage action are located in Connecticut and New York. Johnson & Higgins, the insurance broker which placed the policies for MetLife is located in New York City.

¶17. MetLife contends that although the witnesses in this case are located all across the country, modern technological advances enable large corporations such as appellees to participate easily in such litigation. In support of this position, MetLife cites *Ford Motor Co. v. Certain Underwriters at Lloyd's London et*

*al.*, No. L-11463-92 (N.J. Super. Ct. Law Div. Middlesex Cty. June 18, 1993). That court held, "Given current communication technology, air transportation and the financial resources of the parties there is no substantial hardship for this litigation to be carried on in any particular state." Slip op. at 2. While this may be true, significant costs are incurred when parties are required to litigate in multiple forums, regardless of technological advancements.

¶18. A comprehensive action, versus a fragmented suit, promotes considerations of judicial economy, avoidance of inconsistent results and piecemeal litigation, and advances conflict-of-law principles. *See, e.g., Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp. 317, 321 (S.D. Miss. 1989); *Monsanto Co. v. Aetna Cas. & Sur. Co.*, 559 A.2d 1301, 1313-14 (Del Super. Ct. 1988). "Piecemeal resolution of common insurance policy coverage questions or questions concerning the insured's knowledge at various times is inappropriate. Dispersed decision-making wastes the time and resources of parties and the courts and permits inconsistent results." *W.R. Grace & Co.*, 555 N.E.2d at 218. The Massachusetts Supreme Court concluded in *Grace* that the most convenient forum is the location where the policies were negotiated and delivered. *Id.* at 221. Here, the Connecticut action offers an opportunity for a complete resolution for all coverage issues that relate to underlying claims across the country, including Mississippi. By virtue of the counterclaims that have been filed in the Connecticut action, the substance of the underlying Mississippi claims is currently being litigated in Connecticut. The discovery already conducted involving the Mississippi cause of action can be used in the Connecticut action.

¶19. When considering and balancing all the relevant factors listed in *Missouri Pac. R.R. Co. v. Tircuit*, we find that the trial court did not abuse its discretion in dismissing this action by deferring to the comprehensive Connecticut action. Other than some state interest in the outcome of this coverage dispute and the fact that MetLife chose the Mississippi forum, the overwhelming balance of the remaining factors leads to the conclusion that this action should be dismissed in deference to the Connecticut action. "Fair enforcement of the rule of forum non conveniens requires that [this action] be dismissed." *Missouri Pacific Railroad*, 554 So. 2d at 883.

## II.

### LOWER COURT'S FAILURE TO MAKE FINDINGS OF FACT WHEN GRANTING A MOTION TO DISMISS ON THE GROUNDS OF FORUM NON CONVENIENS

¶20. The trial court did not issue any opinion with its order granting the motion to dismiss on grounds of forum non conveniens. MetLife contends that the lower court's failure to make factual findings to support its order merits reversal of the court's order. MetLife relies on a Fifth Circuit case, in which the Court held:

> [W]e have said definitively, that in the context of a forum non conveniens dismissal "a district court abuses its discretion when it summarily denies or grants a motion to dismiss without either written or oral explanation" or "when it fails to address and balance the relevant principles and factors of the doctrine."

*Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 30 (5th Cir. 1989) (*quoting In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1166 (5th Cir. 1987), *vacated on other grounds*, *Pan American World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989)). The *Rowan* Court also stated that "[w]ithout an assignment of reasons for the district court's action, we cannot perform the appellate function." *Id.* at 30. Although this is a requirement in the Fifth Circuit, it is not controlling in a Mississippi

state case.

¶21. Generally, under Mississippi law, when a trial court deciding whether to grant or deny a motion to dismiss fails to make findings of fact to support its decision, it is not reversible error. *Weeks v. Thomas*, 662 So. 2d 581, 583-84 (Miss. 1995). MetLife waived this issue when it failed to request special findings from the trial court under Rule 52 (a) of the Mississippi Rules of Civil Procedure. This Rule provides:

> In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.

M.R.C.P. Rule 52(a). This rule does not require the court on its own initiative to set out the findings of fact relied on to support its judgment. *Morreale v. Morreale,* 646 So. 2d 1264, 1270 (Miss. 1994); *Tricon Metals & Servs., Inc. v. Topp*, 516 So. 2d 236, 238-39 (Miss. 1987). "[I]n cases of any significant complexity the word 'may' in Rule 52(a) should be construed to read 'generally should.'" *Id.* at 239. However, the case at bar in no way compares to the number or complexity of the factual issues presented in the *Tricon Metals* case. We have held that where the appellant failed to request findings of fact and conclusions of law, he "should not now be heard to complain of their absence." *Morreale*, 646 So. 2d at 1270. We therefore find that MetLife waived this alleged error by failing to request separate findings of fact.

## CONCLUSION

¶22. We hold that there is substantial evidence to support the trial court's conclusion that this case is properly dismissed based on forum non conveniens. When considering both the public and private factors outlined in *Tircuit*, the overwhelming balance of these factors leads us to conclude that litigation of this action should not continue in Mississippi, and consequently the trial court did not abuse its discretion in dismissing this action. Because MetLife failed to take advantage of the Mississippi Rules of Civil Procedure by requesting findings of fact, it has waived that issue. Based upon the foregoing, we find that the trial court's dismissal of this case must be affirmed.

¶23. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

### McRAE, JUSTICE, DISSENTING:

¶24. The majority misinterprets the balancing factor in saying that forum non conveniens should apply and by interpreting contracts that are applicable only to Mississippi law and Mississippi court decisions involving torts and contracts cases against Mississippi residents and including the State of Mississippi. The majority further fails to recognize that when multi-national corporations license themselves to do business in this state they are held amenable to this state and its laws. The insurance companies submit their insurance forms to the Mississippi Insurance Department for approval. As to the defendants, the policies issued by the insurance companies have to comply with the laws of the state in which the accident occurred. Such is also the case regarding automobile responsibility laws where our laws even say this and the contract says people

are applicable to the state of the accident. Yet, while we interpret an uninsured motorist policy one way in our state, that same policy may be interpreted forty-nine different ways by the other states. In the same fashion, when corporations purchase insurance from insurance companies, their coverage is applicable to and they must comply with the laws of a particular state.

¶25. In the instant case, we have defendants who have attained multi-national policies for corporations. The policies apply to the State of Mississippi and our laws as we interpret such policies. We should not duck our responsibility and let some court who does not know our laws interpret general policies and apply them to another state's law. In this case, there are multiple defendantseven other defendants exist who are not involved in this particular case. For this Court to now say that the State of Mississippi and the 19,000 plus claimants, as third party beneficiaries, must travel to intervene in a Connecticut case to ensure that their rights are protected does a disservice to the citizenry and the State of Mississippi. Indeed, Justice Hawkins, writing in *Anthony v. Frith*, 394 So. 2d 867 (Miss. 1981), stated that any liability policy will include punitive damages. The Connecticut Court could theoretically say no punitive damages are covered under this policy. Thus, a court who has no jurisdiction over our *Anthony* decision could effectively overrule it. We should interpret coverage questions applicable to our state's and citizens' interests as we have in the past. Each state has individual insurance laws peculiar to that statethe policy should be interpreted in that fashion. The state and the claimants have a stake, as third party beneficiaries, in what the court says is the law, in how the court interprets the contract, in how the law applies to Mississippi, and in how the contract applies to the State of Mississippi. For these reasons, interstate forum non conveniens should not apply; we should decide the case in Mississippi.

¶26. It is of interest the trial court did not write an opinion in this case but simply rendered an order. In 1991, just six years prior, the same courtalthough apparently a different judgeissued the opposite opinion. There should be some consistency in our laws and, in particular, out of the same trial court in which one court ruled forum non conveniens would not apply to the identical issue. Forum non conveniens is now being adopted by another judge in the same court without an opinion.

¶27. Given the aforementioned reasons, I dissent.

1. Until recently, City Insurance Company was a New Jersey corporation with its principal place of business in New York City. On June 12, 1995, City merged into The Home, its successor-in-interest.