# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-IA-01865-SCT

*ILLINOIS CENTRAL RAILROAD COMPANY*

*v.*

*WICKLIFF J. SAMSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/27/1999 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CHARLES T. OZIER |
| | CHAD MICHAEL KNIGHT |
| ATTORNEYS FOR APPELLEE: | C. E. SOREY, II |
| | CHRISTINE E. ANDERSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 02/08/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/1/2001 |

**BEFORE BANKS, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Wickliff J. Samson ("Samson") filed his complaint in Hinds County Circuit Court pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § § 51-59 (1999). Samson sought damages for his injuries which allegedly occurred while he was changing a brake shoe on a locomotive engine. At the time of this alleged injury, Samson was employed by Illinois Central Railroad Company ("ICR"). ICR answered Samson's complaint and claimed that Hinds County Circuit Court was an inconvenient forum for this action. ICR stated that Louisiana was a more appropriate forum for this case so ICR moved to dismiss on the grounds of forum non conveniens. The circuit court denied this motion. Next, ICR moved to certify this order for an interlocutory appeal in Hinds County Court, and this motion was also denied. ICR petitioned this Court for an interlocutory appeal which was granted on February 8, 2000.

## STATEMENT OF THE FACTS

¶2. Samson was employed as a machinist in the mechanical department at ICR in Baton Rouge, Louisiana. While changing a brake shoe on a locomotive engine, Samson alleges that he sustained injuries due to the negligence of ICR. He filed his complaint pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, with the Circuit Court of Hinds County. Samson contends that ICR failed to furnish him with a reasonably safe work environment, safe and suitable tools, proper instruction on how to do his work, and failed to adequately assist and supervise him.

¶3. ICR filed its answer claiming that the State of Mississippi was not an appropriate forum for this case. It

also alleged that venue in Hinds County was improper and that the case should be transferred to a proper venue in Louisiana. ICR claimed that the State of Louisiana was a more appropriate forum because Samson's injuries arose there, Hinds County bore no connection to this action, critical witnesses were non-Mississippians, and the site of the injury was in Baton Rouge, Louisiana. For these reasons, ICR moved to dismiss on the grounds of forum non conveniens. The Circuit Court of Hinds County denied ICR's motion. Then, ICR moved to certify the order for an interlocutory appeal in Hinds County Circuit Court. This motion was also not well taken and denied. ICR petitioned this Court for an interlocutory appeal which was granted on February 8, 2000.

¶4. Aggrieved by the Hinds County Circuit Court's denial of its motion to dismiss, ICR raises the following issue in this appeal:

### I. WHETHER THE CIRCUIT COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS UNDER THE DOCTRINE OF FORUM NON CONVENIENS?

### STANDARD OF REVIEW

¶5. "When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Lang v. Bay St. Louis/Waveland Sch. Dist.*, 764 So.2d 1234 (Miss. 1999) (citing *T.M. v. Noblitt*, 650 So.2d 1340, 1342 (Miss.1995)).

¶6. "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. *See City of Jackson v. Perry*, 764 So.2d 373, 376 (Miss. 2000); *Puckett v. Stuckey*, 633 So.2d 978, 982 (Miss.1993); *Sweet Home Water & Sewer Ass'n v. Lexington Estates, Ltd.*, 613 So.2d 864, 872 (Miss.1993); *Allied Steel Corp. v. Cooper*, 607 So.2d 113, 119 (Miss.1992) . This Court will not disturb those findings unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied. *Bell v. City of Bay St. Louis*, 467 So.2d 657, 661 (Miss.1985).

### DISCUSSION

### I.

¶7. "We have long accepted that the courts of this state should not try an action if that would be seriously inconvenient to one or more of the parties, provided that a more appropriate forum is available." *Missouri Pac. R.R. v. Tircuit*, 554 So.2d 878 (Miss. 1989). The plaintiffs in *Tircuit* also brought suit under the FELA for alleged injuries sustained during the course of their employment. *Id.* at 879. In determining whether a case should be dismissed on forum non conveniens grounds, this Court has noted seven factors to be considered. *Id.* Those factors are: (1) relative ease of access to sources of proof, (2) availability and cost of compulsory process for attendance of unwilling witnesses, (3) possibility of view of the premises, (4) unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his remedy, (5) administrative difficulties for the forum courts, (6) whether there are local interests in deciding the case at home, and (7) the plaintiff's forum should rarely be disturbed. *Id.* at 882.

¶8. The Court's review of this appeal requires that the above seven factors be applied to the facts of this case. "Where the [lower] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v.*

***Reyno***, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The plaintiff's choice of forum should usually not be disturbed; however, a non-resident plaintiff will receive less deference. ***Id.***

Relative Ease of Access to Sources of Proof

¶9. In ***Tircuit***, this Court held that the suit against Missouri Pacific should have been dismissed on the grounds of forum non conveniens. ***Id.*** at 883. In examining whether there was ease of access to sources of proof in Mississippi, this Court noted that all sources of proof laid outside of the state of Mississippi. ***Id.*** There were no documents, exhibits, witnesses, or any other evidence in this state. ***Id.*** at 880. The same cannot be said for the case sub judice.

¶10. First, there is an ease of access to sources of proof in Mississippi. The record indicates that ICR maintains an extensive business presence in Jackson, Mississippi. For example, in a document produced in the record marked "Illinois Central Corporate Headquarters," ICR's offices are listed. ICR maintains a transportation center and a quality service center at 2151 N. Mill St., Jackson, Mississippi. Next, the document indicates that ICR also maintains and operates an intermodal facility at 100 N. Commerce Park Drive, Jackson, Mississippi, and an automotive facility at 350 N. Market St., Jackson, Mississippi. In ICR's answer to the Samson's complaint, it admits maintaining offices, agents, business and claims operations in the County of Hinds, State of Mississippi. Based on the evidence in the record, ICR has an extensive business presence in not only the State of Mississippi, but also Hinds County.

¶11. ICR also alleges that all sources of proof lie outside of the State of Mississippi. Contrary to that allegation, ICR produced discovery from its McComb, Mississippi, office and named Winky Freeman ("Freeman") as its corporate representative. Freeman works as a Risk Manager for ICR in Jackson, Mississippi. The record indicates that Freeman can be reached for questions at extension 1830 in the Jackson, Mississippi office.

Availability of Witnesses

¶12. In ***Tircuit***, no potential witnesses could be found in the state of Mississippi. ***Id.*** at 883. The case at hand is distinguishable. The only potential witness for ICR identified in discovery is Winky Freeman who works as a Risk Manager for ICR in Jackson, Mississippi. While nothing in discovery suggests that ICR would have a need for his testimony, he would certainly be available as a witness in Hinds County. The occurrence witnesses are likely ICR employees in Baton Rouge. ICR alleges that witnesses will not likely travel 175 miles to provide testimony. Likely, ICR could provide this transportation for its own employees considering that 175 miles is not such a great distance.

<u>Possibility of View of the Premises, if View Would Be Appropriate</u>¶13. The situs of Samson's injury was in Baton Rouge, Louisiana. As indicated in ***Tircuit***, the third factor to consider is the jury view of the premises, *if that be found appropriate*. ***Id.*** at 883. In his complaint, Samson alleges that ICR was negligent in that it failed to adequately clean and maintain its equipment along with other negligent acts and omissions.

¶14. Samson was injured four years ago while changing a brake shoe on a locomotive. A jury view of the premises would not likely be necessary in this case. Considering the time that has passed since the accident, the locomotive is not likely in the same condition as it was in 1996. The jury would not be aided by viewing the premises as they exist today.

### Excess Expense or Trouble to Defendant That is Not Necessary

¶15. ICR alleges that by forcing it to defend this lawsuit in Mississippi, serious and unnecessary expenses will accrue. This Court held in *Tircuit* that "trial of these actions in Mississippi would inflict upon Missouri Pacific expense over and above that necessarily incident to affording these [p]laintiffs their right to pursue their FELA remedy." *Id.* at 883. This conclusion regarding the fourth factor was reached by determining that Missouri Pacific had no offices or witnesses in Mississippi; therefore, the likelihood of excess expense was prevalent. *Id.* In the case at hand, ICR maintains and operates offices in Jackson, Mississippi. ICR has also named a corporate representative who can be reached in a Jackson, Mississippi, office. These facts make our case distinguishable from *Tircuit* in regards to this factor.

### Administrative Difficulties for the Forum Court

¶16. In weighing administrative difficulties, we should again look to the availability to compel presentation of proof or witnesses. *Id.* Also, we ask ourselves whether or not a reason exists for the courts of this state to become a home for foreign actions. *Id.*

¶17. In *Tircuit*, this Court held that administrative difficulties would be enormous in that there was no way to compel presentation of proof or witnesses. *Id.* In our case, the occurrence witnesses are ICR employees. ICR runs a railway between Baton Rouge, Louisiana, and Jackson, Mississippi. Certainly, if there are witnesses that are needed from the Baton Rouge facility, ICR would be capable of providing transportation at little or no cost because only 175 miles separate the two cities.

¶18. With regard to other sources of proof, ICR produced documents in discovery that came from its McComb, Mississippi, office and its corporate representative is in Jackson. Again, this case is distinguishable from *Tircuit* with regard to this factor.

### Localized Controversies Decided at Home

¶19. Based on the record, ICR admits having offices and doing business in Hinds County. It is clear that Mississippi has an interest in this suit because it is a localized controversy.

### Plaintiffs' Choice of Forum Usually Not Disturbed; Less

### Deference is Given to Non-Resident Plaintiffs

¶20. Although less deference is given to a non-resident plaintiff, this does not mean that no deference should be given to their choice of forum. *Metropolitan Life Ins. Co. v. Aetna Cas. & Surety Co.*, 728 So.2d 573, 576 (Miss. 1999). This Court has held that "[s]ince it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons . . ." *Id.* (citing *Shewbrooks v. A.C. & S., Inc.,* 529 So.2d 557, 562 (Miss. 1988)).

¶21. In *Tircuit*, our Court held that, out of the seven factors to be considered, there were "six strong countervailing" considerations stacked against the plaintiffs. *Tircuit*, 554 So.2d at 883. That is not true in the case at hand. Basically, six of the factors are weighed against ICR. For this reason, the circuit court correctly denied ICR's motion to dismiss based on forum non conveniens grounds.

**II.**

¶22. In a second issue informally addressed by ICR, it contends that the circuit court failed to make findings of fact in the record in regards to denying its motion to dismiss. Our Court has held that "[a]lthough this is a requirement in the Fifth Circuit, is not controlling in a Mississippi state case." *Metropolitan Life Ins. Co.*, 728 So. 2d at 578. M.R.C.P. 52(a) does not require the court on its own initiative to set out those findings of fact relied on for its judgment. *Id.* Where the appellant failed to request this information, he is not allowed to complain of its absence. *Id.* at 579.

## CONCLUSION

¶23. After a thorough review of the facts in this case, this Court finds that the circuit court did not abuse its discretion in denying ICR's motion to dismiss. Based on the balancing of the seven factors laid out in *Tircuit*, ICR has not been subjected to an inconvenient forum in Jackson, Hinds County, Mississippi. Samson's choice of forum should be upheld in light of the six strong countervailing factors which weigh against ICR. For the reasons stated above, the decision of the Circuit Court for the First Judicial District of Hinds County is affirmed.

¶24. **AFFIRMED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**