878 So.2d 1102 (2004)
Mary Jean POOLE, Appellant
v.
AMERICAN PUBLIC LIFE INSURANCE COMPANY and John Holmes, Appellees.
No. 2003-CA-00912-COA.
Court of Appeals of Mississippi.
July 27, 2004.
*1103 Clarence McDonald Leland, Brandon, attorney for appellant.
Sean Roberts Guy, O. Stephen Montagnet, Pas Christian, Mary Clay Wadlington Morgan, Jackson, Amanda Jones, James William Manuel, attorneys for appellees.
Before KING, C.J., LEE and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Mary Poole filed a complaint for damages against American Public Life Insurance Company and its agent, John Holmes, in the Rankin County Circuit Court. The defendants filed a motion to dismiss, claiming that the doctrine of forum non conveniens required that the case be dismissed. The circuit judge agreed and entered an order dismissing the case. Finding no error, we affirm.

FACTS
¶ 2. On September 14, 2000, John Holmes, an agent for American Public, sold Poole a disability insurance policy. The transaction occurred at Poole's place of employment, the Office of Mental Health, Eastern Louisiana Mental Health System, in Jackson, Louisiana. Poole claims Holmes told her that she would be covered immediately. Poole authorized American Public to deduct $55.40 per pay period from her State of Louisiana payroll check.
¶ 3. On December 20, 2000, Poole fell and broke her heel. Shortly thereafter, Poole filed a claim for benefits.
¶ 4. On January 9, 2001, after her claim had been submitted, Poole received a letter from American Public thanking her for her recent application for disability insurance. The letter stated that Poole was not eligible for coverage under the group disability policy because she was an employee of the State of Louisiana.
¶ 5. On January 9, 2002, Poole filed a complaint against American Public and its agent, John Holmes, in the Circuit Court of Rankin County. American Public filed a motion to dismiss or, in the alternative, for summary judgment, and Holmes filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, for forum non conveniens. The circuit judge granted the motions to dismiss relying on the doctrine of forum non conveniens. Poole then properly perfected her appeal.

STANDARD OF REVIEW
¶ 6. A lower court's dismissal based on the doctrine of forum non conveniens should only be reversed if the trial court abused its discretion or applied an erroneous legal standard, and the dismissal should be accorded great deference on appeal. Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co., 728 So.2d 573, 575 (Miss.1999).

ANALYSIS
¶ 7. In Missouri Pacific R. Co. v. Tircuit, 554 So.2d 878, 881 (Miss.1989), the *1104 Mississippi Supreme Court held that "[w]e have long accepted that the courts of this state should not try an action if that would be seriously inconvenient to one or more of the parties, provided a more appropriate forum is available." The court then discussed seven factors that are to be considered when deciding whether a case should be dismissed for forum non conveniens. The factors are identified and discussed below.

1. Relative ease of access to sources of proof

¶ 8. Poole argues that this factor favors Rankin County, Mississippi. Poole contends that all documents and almost all witnesses are located in Rankin County. Poole also contends that her injury occurred when someone at American Public's office in Rankin County decided to deny that Poole had been issued a policy.
¶ 9. American Public and Holmes claim that there were no records relating to Poole's policy at American Public's office in Rankin County. Also, they assert that since the transaction occurred in Louisiana, between two Louisiana residents, then all witnesses to the transaction and all documents relating to the transaction are located in Louisiana. Thus, American Public and Holmes argue that all relevant sources of proof lie outside of Mississippi.
¶ 10. In Tircuit, all of the proof was located outside of Mississippi, and the defendant, Missouri Pacific Railroad Company, was not a Mississippi corporation, conducted no business in Mississippi, and did nothing in Mississippi but have a registered agent for service of process. Id. at 879. In Illinois Central R.R. Co. v. Samson, 799 So.2d 20, 24 (¶ 15) (Miss.2001), the court found that the defendant, Illinois Central Railroad Company, had a substantial business presence and operations in Mississippi.
¶ 11. Here, the circuit court recognized that courts in the State of Louisiana would have easier access to the evidence required in this case. The court discussed the problems that the Rankin County court would have in compelling testimony and documents from Poole's employer and co-workers. Thus, the circuit court found that this factor favored dismissal.

2. Availability and cost of compulsory process for attendance of unwilling witnesses

¶ 12. Poole argues that the witnesses are the employees of American Public and that there are no witnesses to the transaction in Louisiana. Poole claims that there are more Mississippi witnesses than Louisiana witnesses.
¶ 13. American Public and Holmes argue that any non-party witnesses who observed the transaction live in Louisiana. As a result, Mississippi courts would not be able to obtain compulsory process to secure their testimony. American Public and Holmes contend that the availability and cost of compulsory attendance for unwilling witnesses would be burdensome.
¶ 14. The circuit court determined that the availability and cost of compulsory process for the attendance of unwilling witnesses favored dismissal.

3. Possibility of viewing the premises

¶ 15. Poole argues that she was injured when Rankin County employees of American Public decided not to pay her claims. Yet, Poole admits that a view of the place where the policy was sold would be unnecessary. Poole argues that this element favors Rankin County because the tort occurred in Rankin County.
¶ 16. American Public and Holmes argue that this element is not relevant to this litigation and does not weigh in favor of either party.
*1105 ¶ 17. The circuit court's opinion did not address this element. We interpret the omission of a discussion as the court's finding that this element is not relevant to its consideration and weighs in favor of neither party. We discern no reason why or how the possibility of viewing the premises should be considered.

4. Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue her remedy

¶ 18. Poole claims that most of the witnesses and all of the documents are located in Mississippi. Poole also contends that American Public's home office is located in Rankin County.
¶ 19. American Public and Holmes contend that the expense of the litigation would be unnecessarily burdensome. Although American Public conceded that a trial in Mississippi would not burden it, Holmes argued that he would suffer a severe hardship in litigating this matter in Mississippi. Holmes claims that he has no direct ties to Mississippi that would justify his being forced to defend himself in Mississippi's courts. Because Holmes was an employee of a general insurance agent in Louisiana, he only dealt indirectly with American Public. Holmes argues that he would incur great expense and trouble that is not necessary to Poole's right to pursue her claim.
¶ 20. The circuit court concluded that this factor favored dismissal, finding that it would be extremely difficult for a Mississippi circuit court to compel the State of Louisiana to produce Poole's payroll records.

5. Administrative difficulties for the forum courts

¶ 21. Poole argues that since all witnesses and documents are located in Rankin County there are no administrative difficulties to hearing the case in a Mississippi court. American Public and Holmes argue that there are considerable administrative difficulties if this case were tried in Rankin County and cite two primary reasons to support this position. First, the Rankin County court would have great difficulty compelling the attendance of Louisiana witnesses and compelling the production of documents from Louisiana entities, including Poole's employer, the State of Louisiana. Second, the trial would require a Mississippi court to interpret and apply Louisiana law.
¶ 22. The circuit court found this element to favor dismissal. Indeed, upon review of the opinion, it appears that the circuit court found this element to strongly favor dismissal. The court determined that Louisiana courts would best be suited to interpret Louisiana laws, which govern the outcome of this litigation.

6. Whether there are local interests in deciding the case at home

¶ 23. Poole argues that the local interest arises from the fact that the governance of Mississippi insurance companies is a Mississippi function and the decision to deny payment was made in Rankin County. American Public and Holmes counter with the assertion that the State of Louisiana has a greater interest in the outcome of this case since the allegedly fraudulent transaction occurred in Louisiana, between Louisiana residents, and will be based on Louisiana law. Thus, they claim that Mississippi's interest is only secondary.
¶ 24. As to this element, the circuit court did not identify any local interests that would require this case to be decided in Rankin County. Instead, the court found that the State of Louisiana had a *1106 greater local interest in deciding this litigation.

7. The plaintiff's choice of forum should rarely be disturbed

¶ 25. Although Poole is a Louisiana resident, she asserts that, as the plaintiff, her choice of forum should not be disturbed. American Public and Holmes argue that Poole's choice of forum should be given less deference since she is a non-resident of the State of Mississippi. In Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co., 728 So.2d 573, 576(¶ 9) (Miss.1999), the Mississippi Supreme Court held that, "[w]hile it is true that a plaintiff's choice of forum should be weighed heavily, less deference should be given to a non-resident plaintiff."
¶ 26. Under the appropriate standard of review, this Court, on appeal must give the circuit court's dismissal on the grounds of forum non conveniens great deference. Id. at 575. We can only reverse if we find that the lower court abused its discretion or applied an erroneous legal standard. After reviewing the circuit court's findings and conclusions, we find that the circuit court expressed satisfactory reasons to support its conclusions, which we find to be within the court's discretion. Therefore, we affirm the lower court's dismissal on the grounds of forum non conveniens.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.