# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-00146-SCT

*KEITH McWHORTER; PATSY McWHORTER; AND HUNTER McWHORTER*

*v.*

*CAL-MAINE FARMS, INC.; FRED ADAMS; DOLPH BAKER; CHARLIE COLLINS; R. K. LOOPER; B. J. RAINES; CARGILL INCORPORATED; PETERSON FARMS, INC.; SIMMONS FOODS, INC.; SIMMONS POULTRY FARMS, INC.; TYSON FOODS, INC.; DON TYSON; GREG LEE; RODNEY S. PLESS; R. READ HUDSON; DENNIS LEATHERBY; AND JOHN H. TYSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/24/2003 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ANDRE FRANCIS DUCOTE |
| | HUNTER WILLIAM LUNDY |
| | WAYNE E. FERRELL, JR. |
| ATTORNEYS FOR APPELLEES: | ROBERT E. SANDERS |
| | E. STEPHEN WILLIAMS |
| | RICHARD LEWIS YODER, JR. |
| | EDWARD ASHLEY MOSS |
| | ROBERT RICHARD CIRILLI, JR. |
| | EDMUND L. BRUNINI, JR. |
| | RICHARD M. EDMONSON |
| | PAUL H. STEPHENSON, III |
| | JOHN G. CORLEW |
| | ROBERT W. GEORGE |
| | J. DOUGLAS MINOR, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 03/31/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND DICKINSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     From a Final Judgment of Dismissal Without Prejudice entered by the Circuit Court of the First Judicial District of Hinds County, Honorable Tomie T. Green, presiding, the plaintiffs, Keith McWhorter and Patsy McWhorter, individually and as next friends and guardians of Hunter McWhorter, a minor, appeal to us seeking relief.  Inasmuch as we find that the Hinds County Circuit Court was eminently correct in dismissing the McWhorters' action on the grounds of forum non conveniens, we affirm.

### FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     Keith and Patsy McWhorter, individually and on behalf of their minor son, Hunter, along with Michael Green (an Arkansas resident), filed their original complaint on November 27, 2002, in the Circuit Court of the First Judicial District of Hinds County alleging that they had been caused harm by chicken litter spread in Washington County, Arkansas, where they were residents.[1] The plaintiffs asserted inter alia that the actions of seven corporate defendants and numerous employees had caused Hunter and Michael to be exposed to toxic chemical waste products and various other harmful constituents generated by the defendants' poultry processes.   On December 31, 2002, ninety additional plaintiffs were added to the suit. All ninety plaintiffs were residents of Washington County, Arkansas. Shortly before commencing

---

[1]Washington County, Arkansas is located in the northwest corner of Arkansas.  The county seat of Washington County, Arkansas, is Fayetteville, home of the University of Arkansas.  Fayetteville is only 40 miles from Stilwell, the county seat of Adair County, Oklahoma.  Fayetteville, Arkansas, is approximately 525 miles from Jackson, Mississippi, the county seat of the First Judicial District of Hinds County, where this suit was filed.

this suit in Hinds County Circuit Court, the McWhorters moved from Washington County, Arkansas, and established residency in Rankin County, Mississippi.[2]

¶3.     The original complaint named seven corporate defendants[3] and numerous employees[4] of those corporate defendants. With the exception of Cal-Maine Farms, Inc. and five of its employees, none of the defendants was a resident of or maintained its principal place of business in Mississippi. In the original complaint, the McWhorters charged the defendants with (1) negligence, (2) gross negligence, (3) negligence per se, (4) fraud, (5) strict liability, and (6) failure to warn.   Likewise, in the original complaint, the McWhorters sought damages against each defendant in an amount of at least $55,000,000, and punitive damages against all defendants in the amount of $100,000,000.   In the amended complaint, the plaintiffs alleged the harm suffered occurred in Washington County, Arkansas, through the application of chicken waste into the soil.[5] The defendants moved to dismiss the suit under the doctrine of forum non conveniens. All parties submitted memoranda to the trial court which in due course heard oral arguments from the parties, through counsel. The defendants argued that the Hinds County Circuit Court did not have jurisdiction because all relevant events occurred in Arkansas

---

[2]Rankin County is east of and adjacent to Hinds County.  The McWhorters assert that they moved from Washington County, Arkansas, to "the Jackson, Mississippi area" in order to obtain health care for their minor son, Hunter. The complaint alleged that Hunter had been diagnosed with cystic fibrosis and Aspergillus fumigatus, the latter being directly related to exposure to chicken litter.

[3]Cal-Maine Farms, Inc., Cargill, Inc., George's Farms, Inc., Peterson Farms, Inc., Simmons Foods, Inc., Simmons Poultry Farms, Inc., and Tyson Foods, Inc.

[4]Fred Adams, Dolph Baker, Charlie Collins, R.K. Looper, B.J. Raines, Don Tyson, Greg Lee, Rodney S. Pless, R. Read Hudson, Dennis Leatherby and John H. Tyson.

[5]Although ninety plaintiffs were added in the amended complaint, the total amount of damages sought against the defendants remained unchanged from the original complaint.

and the alleged injuries were sustained by Arkansas residents while in Arkansas. The plaintiffs responded that Mississippi was a proper forum for all plaintiffs because the claims of all 93 plaintiffs were identical and should be adjudicated in a single Mississippi forum.

¶4. On November 24, 2003, the trial court determined that this action was not properly brought in Hinds County pursuant to the doctrine of forum non conveniens and, therefore, entered a Judgment of Dismissal Without Prejudice.[6] The McWhorters timely appealed to this Court.[7]

## DISCUSSION

¶5. The standard of review for a motion to dismiss is well-settled by this Court:

"When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Lang v. Bay St. Louis/Waveland Sch. Dist.*, 764 So.2d 1234 (Miss. 1999) (citing *T.M. v. Noblitt*, 650 So.2d 1340, 1342 (Miss. 1995)).

"A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. *See City of Jackson v. Perry*, 764 So.2d 373, 376 (Miss. 2000); *Puckett v. Stuckey*, 633 So.2d 978, 982 (Miss. 1993); *Sweet Home Water & Sewer Ass'n v. Lexington Estates, Ltd.*, 613 So.2d 864, 872 (Miss. 1993); *Allied Steel Corp. v. Cooper*, 607 So.2d 113, 119 (Miss. 1992). This Court will not disturb those findings unless they are manifestly wrong, clearly erroneous or an erroneous legal

[6]After the Hinds County Circuit Court suit was dismissed, the McWhorters moved back to Arkansas and commenced similar litigation against most of these defendants in the Circuit Court of Washington County, Arkansas. The McWhorters reasoned that they, "along with the other Plaintiffs did re-file suit in Arkansas to prevent the running of any applicable statutes of limitations. Without knowledge as to when this appeal would be determined, [our] filing of suit in Arkansas is a protective measure, not a waiver of any right to proceed in Mississippi."

[7]Although the notice of appeal stated that the notice was filed on behalf of "Plaintiffs," the McWhorters state that only they are the appellants in today's case, and this assertion is supported by the record.

4

standard was applied. *Bell v. City of Bay St. Louis*, 467 So.2d 657, 661 (Miss. 1985).

*Illinois Cent. R.R. v. Samson*, 799 So.2d 20, 22 (¶5-6) (Miss. 2001).

¶6.    "We have long accepted that the courts of this state should not try an action if that would be seriously inconvenient to one or more of the parties, provided that a more appropriate forum is available." *Missouri Pac. R.R. v. Tircuit*, 554 So.2d 878, 881 (Miss. 1989). In determining whether a case should be dismissed on forum non conveniens grounds, this Court must consider the following seven factors: (1) relative ease of access to sources of proof, (2) availability and cost of compulsory process for attendance of unwilling witnesses, (3) possibility of view of the premises, (4) unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his remedy, (5) administrative difficulties for the forum courts, (6) whether there are local interests in deciding the case at home, and (7) the plaintiff's forum should rarely be disturbed. *Id.* at 882. *See also Illinois Cent. R.R. v. Travis,* 808 So.2d 928, 937 (Miss. 2002), *overruled on other grounds by Capital City Ins. Co. v. G. B. "Boots" Smith Corp*., 889 So.2d 505 (Miss. 2004). "'Where the [lower] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.'" *Samson*, 799 So.2d at 23 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Although a plaintiff's choice of forum should usually not be disturbed, the forum choice by a non-resident plaintiff will receive less deference. *Id.*

¶7.     In the case sub judice, Judge Green thoroughly addressed all seven factors  en route to making a determination as to whether Hinds County was the proper forum for this suit. We quote extensively from the judgment of the trial court:

1. Plaintiffs allege they have sustained injuries as a result of the agricultural use of chicken wastes in Washington County, Arkansas. Washington County is in the northwest corner of the State of Arkansas and is the most convenient for litigating this matter inasmuch as it involves chicken houses in Arkansas.

2. Most discovery and sources of proof regarding the agricultural use of chicken wastes in Washington County, Arkansas is located in Washington County, Arkansas. Defendants claim that many of the parties' sources of evidence will likely be independent growers and commercial spreaders who are not parties to this action at this time. Such nonparties are not subject to the subpoena power or other compulsory process of this Court, absent added filings and cost to Plaintiffs and Defendants.

3. It is more convenient for all parties to compel the attendance at trial and testimony of nonparty witnesses, as well as party witnesses through the authority of the Washington County, Arkansas court. The difficulty and/or inability of the parties to compel attendance and testimony of witnesses would likely be costly and highly prejudicial to the parties' cases.

4. The properties where plaintiffs allege exposure, and the allegedly offending operations of all defendants are located in Washington County. The cost of allowing a Hinds County jury the opportunity to view the premises or area, if necessary, would be expensive and ineffective.

5. The prosecution of this action in Hinds County would cause unnecessary administrative difficulties for the Court and Hinds County Circuit Clerk. Moreover, the substantive law of the State of Arkansas will likely control the litigation, thereby requiring extra court time to review Arkansas law in order to properly rule on the issues in the case.

6. The court does not find, and the parties have not shown that there is a local interest in having this controversy decided in Hinds County, Mississippi. On the other hand, Washington County, Arkansas has a unique interest in resolving controversies regarding the status of the quality of Washington County's air, water and soil. Thus, the tax dollars of Hinds County citizens and the time of Hinds County jurors should be spared the burden of resolving issues that accrued in and around Washington County, Arkansas.

7. Plaintiffs have not shown that any plaintiff is a resident of Hinds County, Mississippi. Three of the ninety-three (93) plaintiffs live in Rankin County, Mississippi, where they moved after becoming exposed to chicken waste at plants in Arkansas. The remaining ninety plaintiffs live in or near Washington County, Arkansas. Therefore, the Plaintiffs' choice of forum in Hinds County is given less deference than might ordinarily be accorded, considering the scintilla of evidence that Hinds County is a proper venue. A review of the requisite factors for determining whether Hinds County is an inconvenient forum clearly outweigh the ordinary deference generally given to the Plaintiffs' forum choice.

8. A more convenient forum is available to the Plaintiffs [and] may be found in the courts of the State of Arkansas. The Plaintiffs have not voiced any disability which would prevent the prosecution of this action in an appropriate and convenient court in Arkansas.

¶8. We find, as did Judge Green, that Arkansas is the more convenient forum. Because we appropriately afford substantial deference to the trial judge's decision here when it is clear from the record that the judge has fully considered the seven forum non conveniens factors, we deem it unnecessary to further address these factors.

### CONCLUSION

¶9. For the reasons stated, we affirm the final judgment of dismissal without prejudice on the grounds of forum non conveniens, as entered by the Circuit Court of the First Judicial District of Hinds County, Mississippi.

¶10. **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**