# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-00289-SCT

*3M COMPANY*

*v.*

*SIMEON JOHNSON, et al.*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/24/2004 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BARRY W. FORD |
| | WALKER (BILL) JONES, III |
| | SCOTT WILLIAM BATES |
| | BARRY CLAYTON CAMPBELL |
| ATTORNEYS FOR APPELLEES: | SUZANNE GRIGGINS KEYS |
| | ISAAC K. BYRD, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART - 04/13/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal comes from the Holmes County Circuit Court's denial of the 3M Company's motion to dismiss for forum non conveniens.  On appeal, 3M argues the trial court erred because: (1) it abused its discretion in failing to apply the multi-factor-balancing test to determine whether the application of forum non conveniens is appropriate, and (2) it violated 3M's due process rights under the United States and Mississippi Constitutions.  The

19 appellees argue this appeal is moot because, prior to 3M's filing, they offered to voluntarily dismiss their claims.

¶2.   We hold that the appeal is not moot and the trial court abused its discretion in failing to apply the multi-factor-balancing test to the wholly out-of-state appellees.[1]  Therefore we reverse and render, granting 3M's motion to dismiss as to the wholly out-of-state appellees. As to Willie Kern[2], we reverse the trial court's decision and remand with an order to apply the multi-factor-balancing test to see whether he, too, should be dismissed.  Because the first issue is dispositive of this appeal, we need not address 3M's violation of constitutional rights argument.

**FACTS**

¶3.   3M is one of many defendants in this asbestos action, which initially involved a single complaint by 185 plaintiffs against 70 defendants seeking damages for injuries from exposure to asbestos-containing products.  Only 36 of the 185 plaintiffs in the initial mass-tort action had a claim against 3M, and only 17 of those 36 clearly had a connection with Mississippi.   One plaintiff, Willie Kern, had a connection with Mississippi, but his

---

[1] The term "wholly out-of-state appellees" refers to those 18 appellees who neither live in Mississippi nor claim a cause of action that arose in Mississippi.  They are: Charlie L. Beasley, Sr., Otis Box, Jimmy C. Buchanan, John Cannon, Oreadis Craig, Nathaniel Harper, Willie Harper, Franklin Hunter, Richard Meadows, Ben Polk, Ernest Taylor, Willie Williams, Clarence Hewitt, J.C. Davis, Wallace Wubbles, Julius Baker, James Bills, and Thomas Cabe.

[2] Kern claims he was exposed to asbestos while working in Attala County, Mississippi and in Illinois, and thus the term "out-of-state appellees" refers to the 18 named in footnote 1, plus Kern.

connection with Illinois was longer in duration. None of the 18 wholly out-of-state appellees worked, resided or had any connection with Holmes County.

¶4.     This is the second time this case has found its way to this Court. Previously, in *3M Co. v. Johnson,* 895 So.2d 151 (Miss. 2005) (*Johnson I*), a trial group of ten[3] plaintiffs was chosen: three settled before or during trial, and one was dismissed. Of the six remaining plaintiffs in the trial group, only four had a claim against 3M. The other two had claims against other defendants. At trial the jury awarded $25 million to each plaintiff. On appeal this Court reversed and rendered in favor of 3M as to the four plaintiffs with claims against 3M. As to the plaintiffs not in the trial group, this Court instructed that their claims be severed according to this Court's opinion in *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092 (Miss. 2004).

¶5.     3M  now argues that the 19 out-of-state appellees should be dismissed because 3M is substantially inconvenienced by having to litigate their claims in Holmes County. Twelve of the 19 claim exposure to asbestos-containing products at the Greenlee Brothers Foundry in Rockford, Illinois.[4] Six claim similar asbestos exposure in other places including:

---

[3]The identity of all ten plaintiffs in the trial group is not known by the Court. However, the four plaintiffs with claims against 3M who remained parties on appeal in *Johnson I*, were Simeon Johnson, James Curry, Bobby Joe Lawrence and Phillip Pate. From this Court's opinion, it is not known where they claimed their injuries arose. However, none of the four from the original trial group are parties to the instant appeal.

[4] The Rockford, Illinois appellees are: Charlie L. Beasley, Sr., Otis Box, Jimmy C. Buchanan, John Cannon, Oreadis Craig, Nathaniel Harper, Willie Harper, Franklin Hunter, Richard Meadows, Ben Polk, Ernest Taylor and Willie Williams.

Chicago, Colorado, Minnesota, Louisiana, Missouri and North Carolina.[5] Only Kern claims

exposure from more than one place.

¶6.     On October 17, 2003, 3M filed its motion to dismiss for forum non conveniens against

the out-of-state plaintiffs. In response, the out-of-state plaintiffs argued that, while they were

not from Mississippi, they were properly joined with plaintiffs from Mississippi, and

therefore venue was proper in Holmes County. The plaintiffs argued that because of the

variety of parties, there was no perfect forum, and therefore a less-than-perfect, but still

proper forum, was acceptable. After hearing arguments, the trial judge's bench ruling, in its

entirety, provided that:

> The court finds that the out-of-state plaintiffs have similar claims to the
> plaintiffs in Mississippi and in Holmes County, and therefore, they are
> properly before this Court, and the Motion to Dismiss Forum of [sic] Non
> Conveniens is denied.

3M moved for permission to file an interlocutory appeal which was denied by the trial court,

but its subsequent petition for interlocutory appeal to this Court was granted.

**ANALYSIS**

¶7.     The appellees argue this appeal is moot, because, prior to the filing of briefs, they had

offered to "dismiss out of state plaintiffs who did not have exposure here in Mississippi or

have a Mississippi defendant". That offer was made in a July 1, 2005, letter from Byrd,

---

[5] Clarence Hewitt, Jr. (Chicago), J.C. Davis (Louisiana), Wallace Wubbles (Minnesota), Julius Baker (Missouri), James Bills (Colorado) and Thomas Cabe (North Carolina).

4

Gibbs & Martin, PLLC to 3M's counsel, Baker Donelson, after 3M filed its petition in the trial court but prior to the filing of 3M's petition in this Court. The letter states in its entirety:

> I was calling to see if we could resolve this last interlocutory appeal on the Simeon Johnson case. In light of the numerous decisions that have come down from the Supreme Court, it appears to me that out of state cases filed here for those who did not have exposure here in Mississippi or have a Mississippi defendant, need to be dismissed. To me that was the thrust of 3M's motion that is on the interlocutory appeal.
>
> We are prepared to move forward with a Mangialardi Order in the Simeon Johnson case that would dismiss out of state plaintiffs who were not exposed here in Mississippi, if 3M would voluntarily dismiss the interlocutory appeal.
>
> Please give me a call so we can discuss this further.

The letter did not contain a list of appellees that would be dismissed. No proposed Mangialardi Order was ever proffered to 3M or the trial court. 3M did not respond to the letter, citing that it did not offer to unconditionally dismiss the out-of-state appellees. The letter was at best an offer to begin negotiations and not one that would moot the appeal. When the appeal was taken, the dispute was seasonable, and the offer was incomplete and ambiguous in both scope and effect. Therefore, this case is ripe for review.

¶8. In reviewing the trial court's decision to grant or deny a motion for forum non conveniens this Court will uphold the trial court unless it was clearly erroneous. *Ill. Cent. R.R. Co. v. Travis*, 808 So. 2d 928, 930 (Miss. 2002). This Court recently held that even though asbestos litigation is a "mature tort", the parties must still comply with the traditional limits imposed by the rules of civil procedure. *Harold's Auto Parts*, *Inc. v. Mangialardi*,

5

889 So. 2d 493, 493 (Miss. 2004). Expanding on that, this Court has pointed out that convenience and judicial economy must yield to a paramount concern for a party's right to a fair trial. *Ill. Cent. R.R., Co. v. Gregory*, 912 So. 2d 829, 834 (Miss. 2005) (benefits of efficiency can never be purchased at the cost of fairness).

¶9. This Court has held that the courts of this state should not try cases that would be seriously inconvenient to one or more of the parties, provided that a more appropriate forum can be found. *McWhorter v. Cal-Maine Farms, Inc.*, 913 So. 2d 193, 196 (Miss. 2005); *Mo. P. R. Co. v. Tircuit*, 554 So. 2d 878, 881-82 (Miss. 1989). This Court has also laid out a multi-factor test which should be considered in any application for forum non conveniens dismissal. *Tircuit*, 554 So. 2d at 882. The reviewing court must balance various public and private interests in order to determine if litigation in the chosen forum would seriously inconvenience a party. The factors are: (1) relative ease and access to sources of proof; (2) availability of compulsory process for obtaining attendance of unwilling witnesses; (3) possibility of a view of the premises (if appropriate); (4) expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his remedy; (5) administrative burden on Mississippi courts in entertaining the suit; (6) whether there are local interests in deciding the case at home; and (7) the plaintiff's forum should rarely be disturbed. *McWhorter*, 913 So. 2d at 196.

¶10. It has become apparent that our current approach has led to some confusion, and therefore a brief history of the origin of this multi-factor balancing test is appropriate. In the

6

two most recent cases on this subject, *Gregory* and *McWhorter,* this Court announced factors to be considered. *Gregory* lists six factors, while *McWhorter* includes a seventh factor. The factor found in *McWhorter*, but missing in *Gregory*, instructs the court to apply deference to the plaintiff's choice of forum. In both of these cases, one can trace the lineage of the test back to *Tircuit* which had seven factors. *Tircuit* pulled these factors from two United States Supreme Court decisions, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947) which was later modified by *Piper Aircraft Corp. v. Reyno,* 454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981), and the Restatement (Second) of Conflict of Laws Section 84. These reference the factors but do not enumerate them as this Court did.

¶11.    The United States Supreme Court and the Restatement (Second) of Conflict of Laws did not create a mathematical equation but intended that these factors be weighed along with other relevant considerations. *See Piper Aircraft,* 454 U.S. at 249; *Gulf Oil*, 330 U.S. at 508; *see also* Restatement (Second) Conflict of Laws § 84 cmt. c. In *Piper Aircraft* the United States Supreme Court in discussing the doctrine of forum non conveniens opined:

> we would not lay down a rigid rule to govern discretion and that each case turns on its facts. If central emphasis were placed on any one factor the forum non conveniens doctrine would lose much of the very flexibility that makes it so valuable.

*Piper Aircraft*, 454 U.S. at 249-50. From reviewing the development of the law, it is clear that the United States Supreme Court intended the forum non conveniens analysis to be a multi-factor test with six factors comprising the relevant public and private interests,

7

balanced against the deference afforded to the plaintiff's choice of forum. *Id.* at 255; *Gulf Oil*, 330 U.S. at 508.

¶12.   Comment c of Section 84 of the Restatement which was cited favorably by this Court in *Tircuit,* lays out a detailed approach to analysis of a forum non conveniens problem. *Tircuit*, 554 So. 2d at 881 (citing *Shewbooks v. A.C. & S., Inc.*, 529 So. 2d 557 (Miss. 1988)). Comment c instructs that one should weigh the relevant public and private interests (the six factors shared by *Gregory* and *McWhorter*) against the plaintiff's choice of forum; however, no conclusion on the motion should be made without determining whether there is a suitable alternative forum. *See* Restatement (Second) of Conflict of Laws § 84 cmt. c. It appears from Comment c that the plaintiff's choice of forum is not a factor to be weighed but a presumption to be overcome. Thus, the trial court should default to the plaintiff's choice of forum unless the public and private interests defeat that presumption. *See Piper Aircraft,* 454 U.S. at 255-56; *Tircuit*, 554 So. 2d at 883.

¶13.   This Court previously applied the multi-factor-balancing test to wholly out-of-state appellees . In *Gregory,* nine former and current railroad employees filed suit against Illinois Central alleging that occupational exposure to asbestos caused their lung cancer. *Gregory*, 912 So.2d at 831. In that case, seven plaintiffs were either Mississippi residents or alleged exposure in Mississippi, while the remaining two were neither Mississippi residents nor exposed while in Mississippi. *Id*. at 832-33. This Court held that the out-of-state plaintiffs, whose cause of action accrued elsewhere, should be dismissed. *Id*. at 836-37. This Court

8

held that the doctrine of forum non conveniens protects litigants from unnecessary burdens and the courts and taxpayers from incurring the expense of litigating foreign disputes. *Id* at 836. Because the evidence was out-of-state, the relevant witnesses were out-of-state and the appellees themselves were out-of-state, this Court opined that Mississippi had no connection with the lawsuit and therefore it should be dismissed. *Id*.

¶14. Following that rationale, the 18 wholly out-of-state appellees in the present case should be dismissed. 3M is correct in its assertion that to do otherwise would be a serious inconvenience. For 3M there would be difficulty in obtaining the evidentiary proof needed to confront the appellees' claims. *See **Tircuit***, 554 So. 2d at 883 (dismissal is favored when the majority of the proof is located in another state). In the present case virtually all the relevant evidence, both witnesses and documents, for the wholly out-of-state appellees is located outside of Mississippi. This includes the appellees' medical histories, work sites and employment information. *See generally **McWhorter***, 913 So. 2d at 196-97 (finding that Arkansas was a more convenient forum where alleged injuries arose due to exposure to chicken house waste in Arkansas). This leads directly to an additional difficulty for 3M– any witnesses and evidence for the wholly out-of-state appellees are beyond the compulsory subpoena power of the trial court. This would require 3M to travel to multiple locations and obtain assistance from foreign courts to secure process. *See **Id***.

¶15. In the present case, a view of the premises by the jury would is unnecessary, because the appellees do not assert that 3M's facilities caused their injuries. Rather, the appellees

assert that 3M's products failed to adequately protect them from injury. Therefore, the jury would gain nothing from being shown the premises.

¶16. The choice of Holmes County as a forum does not impose unnecessary trouble or expense on 3M, in the sense that 3M will be required to face these appellees in one forum or another. That they are consolidated in a single forum is fortuitous for 3M. Having to defend these claims in one forum means there would be no duplicative costs. 3M would not be forced to raise the same arguments in different courts. However, judicial economy cannot be favored at the price of unfairness to the parties. *Gregory*, 912 So. 2d at 834.

¶17. There will be serious administrative difficulty if this case is tried in Holmes County. First, the trial court will have difficulty compelling the production of documents and the attendance of witnesses from other states. *See Poole v. Am. Pub. Life Ins. Co.,* 878 So. 2d 1102, 1105 (Miss. 2004). Second, the trial court will likely have to apply foreign products liability statutes and give multiple jury instructions. *See State Farm Mut. Auto. Ins. Co. v. Murriel*, 904 So. 2d 112, 116 (Miss. 2004) (affirming trial court's conclusion that where the Mississippi court would be forced to apply not only Mississippi law, but also California, Alabama and Georgia law, the confusion to the jury and the burden on the court are insurmountable). *See also McWhorter,* 913 So. 2d at 197. In the present case, if all 18 wholly out-of-state appellees were not dismissed, the trial court would likely have to apply the laws of Colorado, Illinois, Louisiana, North Carolina, Minnesota, Missouri and Mississippi. This would require seven different products liability statutes, seven different

10

jury instructions and seven different verdicts. This would confuse the jury and lead to possible error.

¶18. Holmes County lacks the required interest in the wholly out-of-state appellees' claims, and it would be a waste of judicial resources if tried in Mississippi. These appellees have no connection to Mississippi. They are neither from Mississippi nor did their injuries arise from conduct in Mississippi. The courts of Mississippi will not become the default forum for plaintiffs seeking to consolidate mass-tort actions. To allow otherwise would waste finite judicial resources on claims that have nothing to do with the state. Each trial requires the empaneling of Mississippians as jurors and the use of Mississippi tax dollars. These resources should be used for cases in which Mississippi has an interest. Therefore, we find Mississippi lacks the necessary interest to keep this case here.

¶19. The above-mentioned public and private interests weigh heavily in favor of granting 3M's motion to dismiss for forum non conveniens. In addition, less deference should be given to the wholly out-of-state appellees' choice of forum. Although a plaintiff's choice of forum is rarely disturbed, the choice of a foreign forum is given substantially less deference. *McWhorter*, 913 So. 2d at 196. However, this does not mean it is given no deference at all. *Travis*, 808 So. 2d at 938. Because of the obvious difficulties presented to the appellees who would have to come from seven different states, it is likely that the choice of forum here was made for the convenience of counsel rather than the convenience of the parties. The wholly out-of-state appellees have not chosen their home forum, and therefore this Court

11

should afford them less deference than traditionally expected. *See Piper Aircraft*, 454 U.S. at 255-56.

## CONCLUSION

¶20.    The trial court abused its discretion in denying 3M's motion to dismiss the 18 wholly out-of-state appellees for forum non conveniens.  Compelling 3M to defend against these appellees creates a substantial inconvenience to 3M.  As applied to Kern, the trial court erred in failing to consider him individually and apply the multi-factor-balancing test.  The trial court denied 3M's motion on the grounds that all the plaintiffs' had "similar claims." However, similar claims do not, in-and-of themselves, survive a motion to dismiss for forum non conveniens.  The trial court needs to have a detailed factual accounting of the claimed connections between the individual challenged party and the forum.  The trial court failed to do this and made its decision based on alleged similarities rather than the factual details; therefore, its findings are erroneous.

¶21.    As to the 18 wholly out-of-state appellees, this Court's decision acts to dismiss their claims.  As to Kern, we remand to the trial court with the order to conduct further factual analysis consistent with this opinion to determine whether he should be included.  Because our holding on 3M's first issue is dispositive of the appeal we do not address the violation of constitutional rights  argument raised in issue two.

¶22.    **REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART.**

**SMITH, C.J., WALLER, P.J., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**