MICHAEL K. RANDOLPH, PRESIDING JUSTICE FOR THE COURT
WALLER, C.J., OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT JOINED BY KING, J.
MAXWELL, J., NOT PARTICIPATING.
WALLER, CHIEF JUSTICE, OBJECTING TO THE ORDER WITH SEPARATE WRITTEN STATEMENT:
¶ 1. I object to this Court's denial of Kobe Jones's petition for interlocutory appeal. This Court has held that issues pertaining to venue may be resolved via an interlocutory appeal. Forrest Cty. Gen. Hosp. v. Conway , 700 So.2d 324, 326 (Miss. 1997). "[W]e regard venue a right as valuable to the defendant as to the plaintiff. If in the end venue is improper, the court must honor timely objection and transfer to the correct venue, and, if it does not do so, we must reverse." Flight Line, Inc. v. Tanksley , 608 So.2d 1149, 1155 (Miss. 1992). I believe a substantial basis exists for a difference of opinion as to whether Jones is a properly joined defendant in this case. See Miss. R. App. P. 5(a). Furthermore, declining to resolve Jones's claim of improper venue at this early stage could result in the unnecessary expenditure of time and money litigating this case in an improper venue.
¶ 2. Jones is not a resident of Lafayette County, and the plaintiff does not allege that Jones made any defamatory statements in Lafayette County. Accordingly, venue would not be proper in Lafayette County if Jones were the only defendant named in the lawsuit. See Miss. Code Ann. § 11-11-3(1) (Rev. 2004). In addition, for Jones to be properly joined as a defendant in the plaintiff's action against Lindsey Miller,[1] the plaintiff must show a "distinct, litigable event linking the parties." Miss. Crime Lab. v. Douglas , 70 So.3d 196, 200 (Miss. 2011). To satisfy this requirement, the plaintiff has alleged that Jones, Miller, and several unidentified John Doe defendants were engaged in a conspiracy to provide defamatory statements to the NCAA that the plaintiff had provided free *904 merchandise to prospective University of Mississippi student athletes.
¶ 3. At the very least, this case presents the legal question of whether a civil conspiracy claim can serve as a "distinct, litigable event" supporting permissive joinder under Rule 20(a). This is because a conspiratorial agreement-the single event linking the defendants-is not an actionable tort on its own. Bradley v. Kelley Bros. Contractors, Inc. , 117 So.3d 331, 339 (Miss. App. 2013) (citing 15A C.J.S. Conspiracy § 7 (2012) ). The plaintiff also must prove that an overt act was committed in furtherance of the conspiracy. Gallagher Bassett Servs., Inc. v. Jeffcoat , 887 So.2d 777, 786 (Miss. 2004) ). "Appropriateness of joinder decreases as the need for additional proof increases .... [S]eparate proof will be required where there are several wrongful acts by several different actors." Ill. Cent. R.R. v. Gregory , 912 So.2d 829, 835 (Miss. 2005). In my view, there is a substantial question as to whether the plaintiff's claim of conspiracy in this case is an appropriate basis for joinder, because it requires proof that each of the named defendants committed separate wrongful acts at different times and in different places, all in furtherance of the same wrongful agreement. The agreement itself cannot result in liability.
¶ 4. Even assuming that a civil conspiracy claim can serve as the basis for permissive joinder of defendants, there remains a substantial question as to whether the plaintiff's general allegations of conspiracy are sufficient to support Jones's joinder in this case. See MS Life Ins. Co. v. Baker , 905 So.2d 1179 (Miss. 2005) (finding that the plaintiffs failed to satisfy the "same transaction or occurrence" requirement of Rule 20(a) by relying solely on general allegations rather than supporting those allegations with substantive evidence). In fact, the plaintiff's allegations, in their current state, arguably fail to satisfy our notice-pleading standard. See Penn Nat'l Gaming, Inc. v. Ratliff , 954 So.2d 427, 431 (Miss. 2007) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss."). While the complaint generally alleges that two or more of the defendants conspired to give false statements to the NCAA, the plaintiff fails to present any facts linking Jones personally to this initial conspiracy, or that he and Miller-the venue-establishing defendant-were members of the same conspiracy from its inception. See Bradley , 117 So.3d at 339 (citing 16 Am. Jur. 2d Conspiracy § 51 (2009) ) ("For a civil conspiracy to arise, the alleged confederates must be aware of the fraud or wrongful conduct at the beginning of the agreement."). Jones presented evidence directly contradicting the plaintiff's conspiracy theory by submitting an affidavit stating that he had never met nor spoken with Miller. Given this fact, combined with the plaintiff's failure to support its general allegations of conspiracy with any substantive evidence, a substantial question exists as to whether Jones's joinder in this case was improper and that, as a result, Lafayette County is an improper venue for the plaintiff's claims against Jones.
¶ 5. For the foregoing reasons, I would grant Jones's petition for interlocutory appeal.
KING, J., JOINS THIS SEPARATE WRITTEN STATEMENT.

The parties do not dispute that venue is proper in Lafayette County as to Lindsey Miller, because Miller provided statements to the NCAA in that county.